UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>AXONICS, INC., MICHAEL H. CARREL, RAYMOND W. COHEN, DAVID M. DEMSKI, JANE E. KIERNAN, ESTEBAN LÓPEZ, ROBERT E. MCNAMARA, and NANCY L. SNYDERMAN,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Steve Taylor ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Axonics, Inc. ("Axonics" or the "Company") and the members of Axonics' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Axonics with Boston Scientific Corporation ("Boston Scientific") (the "Proposed Transaction").

2. On January 8, 2024, Axonics entered into an Agreement and Plan of Merger with Boston Scientific and Boston Scientific's subsidiary, Sadie Merger Sub, Inc. ("Merger Sub") (the

"Merger Agreement"). Pursuant to the terms of the Merger Agreement, Boston Scientific will acquire Axonics for $71.00 in cash per share of Axonics common stock.

3. On February 22, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Axonics stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) Axonics' financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Axonics stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Axonics stockholders to vote on the Proposed Transaction is currently scheduled for March 22, 2024. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Axonics' other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Axonics common stock.

10. Defendant Axonics is a Delaware corporation, with its principal executive offices located at 26 Technology Drive, Irvine, California 92618. Axonics' shares trade on the Nasdaq Global Select Market under the ticker symbol "AXNX."

11. Defendant Michael H. Carrel has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Raymond W. Cohen is the Company's co-founder and has been Chief Executive Officer and a director of the Company at all relevant times.

13. Defendant David M. Demski has been a director of the Company at all relevant times.

14. Defendant Jane E. Kiernan has been a director of the Company at all relevant times.

15. Defendant Esteban López has been a director of the Company at all relevant times.

16. Defendant Robert E. McNamara has been a director of the Company at all relevant times.

17. Defendant Nancy L. Snyderman has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

19. Axonics is a medical technology company engaged in the development and commercialization of novel products for the treatment of bladder and bowel dysfunction. The Company's products include: (i) implantable sacral neuromodulation systems to treat urinary urge incontinence and urinary urgency frequency, as well as fecal incontinence and non-obstructive urinary retention; and (ii) a urethral bulking agent to treat female stress urinary incontinence.

**The Proposed Transaction**

20. On January 8, 2024, Axonics announced that it had entered into the Proposed Transaction, stating, in relevant part:

> IRVINE, Calif.--(BUSINESS WIRE)--Jan. 8, 2024-- Axonics, Inc. (Nasdaq: AXNX) today announced that it has entered into a definitive agreement to be acquired by Boston Scientific Corporation (NYSE: BSX) for $71 in cash per share, representing an equity value of approximately $3.7 billion.
>
> Axonics brings a complementary product portfolio to the Boston Scientific Urology business. Axonics has pioneered and introduced significant enhancements to sacral neuromodulation therapy for bladder and bowel dysfunction and urethral bulking for women with stress urinary incontinence, both of which are among the fastest growing segments in urology.
>
> "Since its founding ten years ago, Axonics has focused on developing best-in-class solutions for people with incontinence, providing clinicians and their patients with strong clinical support, and raising public awareness of our advanced therapies," said Raymond W. Cohen, chief executive officer. "The success of Axonics is a testament to our mission-driven employees and their commitment to innovation, quality and teamwork. Our team is looking forward to the global impact we can

make as part of Boston Scientific as we endeavor to bring these life-changing therapies to more patients than ever before."

The boards of directors of Axonics and Boston Scientific have unanimously approved the transaction, which is expected to close in the first half of 2024 after satisfaction of customary closing conditions, including approval of Axonics' stockholders and receipt of required regulatory approvals. Upon completion of the transaction, Axonics will become a wholly owned subsidiary of Boston Scientific.

J.P. Morgan Securities LLC is serving as financial advisor and K&L Gates LLP is serving as legal counsel to Axonics.

**The Materially Incomplete and Misleading Proxy Statement**

21.     On February 22, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Axonics stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) Axonics' financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan; and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Axonics' Financial Projections*

22.     The Proxy Statement fails to disclose material information concerning Axonics' financial projections.

23.     For example, with respect to the Company's Forecasts, the Proxy Statement fails to disclose all line items underlying (i) Adjusted EBITDA; and (ii) Unlevered Free Cash Flow.

24.     The Proxy Statement further fails to disclose a quantification of the assumptions underlying the Company's Forecasts.

5

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning J.P. Morgan's financial analyses.

26. With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 9.5% to 11.0%; (iii) Axonics' estimated 2023 year-end cash; and (iv) the Company's net operating losses and other tax assets.

27. With respect to J.P. Morgan's *Public Trading Multiples* analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by J.P. Morgan.

28. With respect to J.P. Morgan's *Selected Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by J.P. Morgan.

29. With respect to J.P. Morgan's *Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (i) the thirty (30)-day average multiples of the expected revenues observed in the analysis; (ii) the future market equity values for Axonics on December 2024, 2025, and 2026; and (iii) a quantification of the inputs and assumptions underlying the discount rate of 11.0%.

30. With respect to J.P. Morgan's *Analyst Price Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

31. The Proxy Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

6

32. Specifically, the Proxy Statement fails to disclose whether any of Boston Scientific's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

33. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Financial Projections," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger," and "Arrangements with Boston Scientific and Executive Officers" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Axonics will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Axonics**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Axonics is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Axonics within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Axonics and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Axonics, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 6, 2024

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*